IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-619-KDB-DCK

| NICHOLAS FRANCIS, | ) | |
|---|---|---|
| Plaintiff, | ) | **CONSENT PROTECTIVE ORDER** |
| v. | ) | |
| TOWN OF MINT HILL, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER IS BEFORE THE COURT** regarding the parties' proposed "Consent Protective Order" (Document No. 16) filed on November 26, 2024. The Court will adopt the parties' proposed Protective Order as follows.

Documents and information have been and will be sought, produced or exhibited by and among the parties to the above captioned proceeding, which documents and information relate to employee personnel matters that may be disclosed only under court order, pursuant to N.C.G.S. §160A-168(c). The parties have sought such an order so as to be in compliance with this statute.

**IT IS, THEREFORE, ORDERED** that:

1. Personnel information is information which concerns or relates to an individual's application, selection or non-selection, promotions, demotions, transfers, leave, salary, suspension, job performance, disciplinary actions and termination of employment wherever located and in whatever form, but expressly excludes any of the following, which shall be redacted prior to production in this litigation: the employee's home residence, the identity of family members, insurance and benefits, medical history, social security number, and financial information. Personnel information may be located in, but not limited to, the following documents or materials:

(a) personnel files, (b) evaluations, (c) audio or video recordings depicting employees on the job, (d) Internal Affairs investigative files and the information contained therein, and (e) any other similar documents.

2. Any such personnel information obtained in this action which is asserted by any Defendant herein to contain or constitute confidential personnel information, shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL, PROTECTIVE ORDER," or a comparable notice.

3. In the absence of written permission from the entity maintaining the personnel information or an order by the Court, any confidential personnel information obtained in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than: (i) the Court and the employees thereof; (ii) court reporters and stenographers engaged for the taking of testimony; (iii) the parties to this action and their counsel, including necessary secretarial, paralegal and clerical personnel assisting such counsel; (iv) experts and their staff who are employed for the purposes of this litigation but who are not otherwise employed by, consultants to, or otherwise affiliated with a party; (v) witnesses who may see their own personnel records. Any confidential personnel information shall be used solely for the purpose of this original action and in preparation for trial.

4. Personnel information obtained in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3 (iv) unless he or she shall have first read this Order and shall have agreed, by letter submitted to Defendants' counsel: (i) to be bound by the terms thereof; (ii) not to reveal such confidential personnel information to anyone other than another person designated in paragraph 3; and (iii) to utilize such confidential personnel information solely for purposes of this litigation.

5. If the Court orders, or if Defendants agree, that access to, or dissemination of, information obtained as confidential personnel information shall be made to persons not included in paragraph 3 above, such matters shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this Order, and such persons shall be considered subject to it.

6. If confidential personnel information obtained in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to this disclosure to the attention of the Court and opposing counsel, and without prejudice to other rights and remedies of the other party, make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

7. Upon final adjudication of this action, all confidential personnel file information subject to the provisions of this Order (including any copies made and/or computer materials made or stored) shall be disposed of in the manner provided by a separate final Order to issue from this Court.

**SO ORDERED**.

Signed: December 2, 2024

David C. Keesler
United States Magistrate Judge

**CONSENTED TO BY**:

/s/ <u>Amanda A. Mingo</u>
   Attorney for Plaintiff

/s/ <u>Scott D. MacLatchie</u>
   Attorney for Defendants